IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-20472 CMB |
| Carnival Beverages, Inc., ) | Chapter 11 |
| ) | Docket No. |
| Debtor ) | |
| ) | |
| ) | |
| Carnival Beverages, Inc., ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| The Huntington National Bank, Channel ) | |
| Partners, Swift Financial, and Torro, LLC, ) | |
| ) | |
| Respondents ) | |

## MOTION TO USE CASH COLLATERAL TOGETHER WITH REQUEST FOR EXPEDITED HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 9013-2

AND NOW, comes the Debtor, Carnival Beverages, Inc., by and through attorney Christopher M. Frye, and Steidl and Steinberg, P.C., and respectfully represents as follows:

1. This case was commenced on March 15, 2022 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4. The Relief being requested is pursuant to 11 U.S.C. § 363.

5. The Debtor is an S-Corporation that does business as a beer distributor store in Western Pennsylvania.

6. There are six (6) UCC Financing Statements filed with the State of Pennsylvania with respect to the assets of the Debtor that have not been terminated.

7. The six (6) recorded UCC Financing Statements with respect to the assets of the Debtor are as follows:

a) File Number 2016052700121 filed on May 27, 2016 by The Huntington National Bank, which lists as collateral substantially all of the assets of the Debtor. The UCC Financing Statement with File Number 2016052700121 is attached and labeled "Exhibit A". A UCC Financing Statement Amendment with Filing Number 2020120100235 was filed on December 1, 2020 referencing and continuing the UCC Financing Statement filed on May 27, 2016 by The Huntington National Bank. Attached and labeled "Exhibit B" please find the UCC Financing Statement Amendment with Filing Number 2020120100235.

b) File Number 2016052700187 filed on May 27, 2016 by The Huntington National Bank, which lists as collateral substantially all of the assets of the Debtor. The UCC Financing Statement with File Number 2016052700187 is attached and labeled "Exhibit C". A UCC Financing Statement Amendment with Filing Number 2020120100254 was filed on December 1, 2020 referencing and continuing the UCC Financing Statement filed on May, 27 2016 by The Huntington National Bank. Attached and labeled "Exhibit D" please find the UCC Financing Statement Amendment with Filing Number 2020120100254.

c) File Number 2018101101355 filed on October 11, 2018 by CHTD Company, which lists as collateral substantially all of the assets of the Debtor. Debtor's counsel believes that CHTD Company is an agent for one of the Debtor's creditors but no actual creditor is listed on the UCC Financing Statement. The UCC Financing Statement with File Number 2018101101355 is attached and labeled "Exhibit E".

d) File Number 2020052000630 filed on May 20, 2020 by Corporation Service Company, as Representative which lists as collateral substantially all of the assets of the Debtor. Debtor's counsel believes that Corporation Service Company, as Representative is an agent for one of the Debtor's creditors but no actual creditor is listed on the UCC Financing Statement. The UCC Financing Statement with File Number 2020052000630 is attached and labeled "Exhibit F".

e) File Number 2021100500393 filed on October 5, 2021 by Channel Partners Capital, which lists as collateral substantially all of the assets of the Debtor. The UCC Financing Statement with File Number 2021100500393 is attached and labeled "Exhibit G".

f) File Number 2021112901131 filed on November 29, 2021 by First Corporate Solutions, as Representative, which lists as collateral substantially all of the assets of the Debtor.  Debtor's counsel believes that First Corporate Solutions, as Representative is an agent for one of the Debtor's creditors but no actual creditor is listed on the UCC Financing Statement. The UCC Financing Statement with File Number 2021112901131 is attached and labeled "Exhibit H".

8. The UCC Financing Statement with File Number 2016052700121 filed on May 27, 2016 by the Huntington National Bank is security for a line of credit with an approximate current balance of $26,355.00.

9.      The UCC Financing Statement with File Number 2016052700187 filed on May 27, 2016 by the Huntington National Bank is security for a business loan with an approximate current balance of $644,317.00.

10.     The Debtor believes that the line of credit in the amount of $26,335.00 and the business loan in the amount of $644,317.00 held by The Huntington National Bank and secured by UCC Financing Statement dated May 27, 2016 have first and second lien property and encumber the entirety of the value of the assets of the Debtor.

11.     In order to use cash collateral, pursuant to 11 U.S.C. § 363, the Debtor must either have consent or a Court Order allowing use.

12.     The Debtor cannot operate and the Debtor cannot attempt to reorganize if it does not have the use of cash collateral.

13.     The Debtor believes that due to the Chapter 11 filing that it can operate profitably and generate value to creditors of the estate.

14.     Attached and labeled "Exhibit I" is a six-month projected budget for the Debtor for review of the Court and the creditors in connection with making determinations with respect to this motion.

15.     No creditors or parties in interest will be harmed or prejudiced by allowing the Debtor to continue to use cash collateral.

    WHEREFORE, the Debtor, Carnival Beverages, Inc., respectfully requests this Honorable Court to allow the use of cash collateral.

## Request for Expedited Hearing

16.     The allegations set forth in paragraphs 1 through 15 of this Motion are incorporated herein as if set forth in their entirety.

17.     Pursuant to the provisions of Local Bankruptcy Rule 9013-2, the Debtor requests an expedited hearing on this matter for the following reasons:

(a)     Pursuant to applicable bankruptcy laws, the Debtor is required to have a Court Order for the use of cash collateral absent consent;

(b)     The Debtor will be unable to operate their business without the use of cash collateral;

(c)     The Debtor needs immediate approval to use cash collateral;

(d)     The need for an expedited hearing has not been caused by any lack of due diligence by the Debtor or its counsel but has been brought on by circumstances beyond its control.

**WHEREFORE,** Debtor respectfully requests this Court to schedule an expedited hearing on this Motion to Use Cash Collateral.

Respectfully submitted,

March 16, 2022                  /s/ Christopher M. Frye
DATE                              Christopher M. Frye, Esquire
Attorney for the Debtor

STEIDL & STEINBERG, P.C.
Suite 2830 – Gulf Tower
707 Grant Street
Pittsburgh, PA  15219
(412) 391-8000
PA I. D. No.  208402
chris.frye@steidl-steinberg.com